United States, District Court
District of Connecticut

2011 FEB 24 P 2

IRA Alston
        Petitioner                    PRisoner Case no:
                                      3:10 cv 882 (DJS)(TPS)

V.


BRIAn K. MURPhy et Ae.        february 22, 2011
        Respondents

            Second 2nd Amended Petition


PURSUANT to This court's order DKT #6 The
Rules governing Section 28 U.S.C. 2254 cases in
The United States District court, The Fed. R. Civ. P.
Rule 8 And Local Rule 8(b) of D. Conn. L. Civ. R. And
Haines v. Kerner 404 U.S. 519 At 520-21 (1972):


The Petitioner, IRA Alston, Brings this Second
2nd Amended writ of habeas Corpus petition
PuRSuAnt to 28 U.S.C. § 2254 whereby He
Complains And SAys:


1. The Petitioner was the defendant in the
Case of State of Connecticut v. Ira Alston CR99-

ORAL Argument Requested
Testimony Required

1.

District in the judicial district of New Haven at New Haven was presented by information with the crime of murder in violation of gen stat §53a and carrying a pistol without a permit in violation of gen stat §29-35a. After a jury trial before the honorable Joseph H. Pellegrino Jr., the Petitioner was acquitted of murder but was found guilty of the lesser included offense of Manslaughter in the first degree with a firearm in violation of gen stat §53a-55a as well as carrying a pistol without a permit in violation of gen stat §29-35a. The jury returned this verdict of conviction on July 3, 2002. The Petitioner was sentenced on November 1, 2002 to a total of 35 effective years imprisonment

2. On November 1, 2002, Trial counsel Richard L. Silverstein filed the notice of Right for Sentence Review pursuant to state law.

3. On November 8, 2002, the Petitioner filed the notice of Application with the office of victim Services for Sentence Review pursuant to state

2.

(II)

4. On November 1, 2002, Trial Counsel Richard I Silverstein filed with the Trial Court Petitioner's notice of right to Appeal pursuant to Art the Act.

5. The Petitioner Appealed the Judgment of Conviction to the Supreme Court of Connecticut pursuant to Conn Gen stat § 51-199(b)(3).

6. On September 9, 2003, counsel for Petitioner Appeal Felix Esposito filed the Appellant-defendant brief raising the following issue:

1. The defendant's constitutional right to remain silent was violated through a series of repeated Doyle v Ohio violations which violations clearly deprived the defendant of a fair trial

2. Under the clear authority of our state supreme and appellate courts the trial court's charge concerning the permissible use and interpretation of the defendant's trial

3.

testimony, improperly relieved the State's
Burden of Proving the Defendant guilty beyond
the reasonable doubt, and impermissibly burdened
the Defendant's constitutional right to
testify.

3. The trial court's instructions to the jury
improperly reduced the State's Burden of
Proof on the Defendant's defense.

4. The trial court improperly failed to inquire
into serious allegations of juror misconduct
in direct contravention of well established
precedent of the State Supreme Court

5. The trial court failed to follow the
mandated statutory procedure for replacing an
excused regular juror with an alternate
juror, in violation of general statutes § 54
82 o

7. Counsel for its capacity Retired from criminal
law practice _____ Petitioner filed and
argued before the State Supreme Court

4.

7. [illegible] ... petitioner ... [illegible] defendant appeared [illegible] for petitioner before the State Supreme Court and [illegible] the matter of petitioner March 8 ... 2010.

8. On January 11, 200_, the Supreme Court in a [illegible] before [illegible] State v. [illegible] (2_2 Conn. ___ 2005) ... [illegible] the petitioner's [illegible] of conviction.

9. On April ___ 2005, the petitioner went before the Superior Court Judicial District of Middlesex at Middletown for Sentence Review. Counsel for the petitioner at the [illegible] was the same trial counsel Richard R. Silverstein.

10. During the start of petitioner's Sentence Review [illegible], the petitioner had a pending grievance [illegible] v. Silverstein # 0_-0879 and a pending habeas corpus petition pursuant to [illegible] alleging [illegible] ineffective assistance of trial counsel.

5

1. on May [...] 2005, the Sentence Review
Committee Affirmed the Petitioner's Sentence

2. Petitioner was Arrested and Charged on October
13, 1999, but Prior to his new trial Petitioner,
on March [...] 2000, went before the Trial
Court for [...] bail hearing being
Represented by Affiant's Special Public
Defender [...] V. [...]

3. On January 20, 2005, Petitioner Filed in the
Judicial district of Tolland at Rockville
Superior Court 20 Park Street Rockville CT
06066 a State Habeas Corpus Petition Docket
- CV000305, [...] V. Warden

4. Petitioner was Represented by Affiant's
Special Public Defender, Joseph Visone Esq. to
Represent The Petitioner in connection with
[...] V. Warden CV05- CV000305

5. From the time the Petitioner Filed his State
Corpus Petition [...] January 20, 2005
And Attorney Joseph Visone appointment to
the time Petitioner Privately Retained new
Counsel Attorney Frank [...] on July 2[...]

2006. [illegible] in connection with [illegible] in connection [illegible] v. [illegible] CV 05-4000303. The [illegible] state of the [illegible] petition [illegible] in the trial court [illegible] for [illegible] years and [illegible] months.

10. A trial date was set for July [illegible], 2007, for more preparation. [illegible] Younger [illegible] moved the trial court to continue the July [illegible], 2007 trial date [illegible] July [illegible], 2007 motion for continuance was granted and trial was set for October 2007.

11. To familiarize himself with the habeas petition, retain private investigative services, trial expert witness services and the services of a bullet expert, privately retained Younger Atty. [illegible] moved the state trial court for a continuance of the October 2007 trial date. Said motion for continuance was granted and a trial date was set for March 2008.

12. For reasons stated in paragraph # 11 counsel [illegible] again motioned the state trial court

for continuance of the May 2007 trial date. This motion was granted. And a trial date was set for May 2008

#19 for Defense State in paragraph 19 counsel Campbell again motioned the State trial court for continuance of the May 2008 trial date. This motion was granted. And a trial date was set for July 2008

#20. totally unsatisfied with private counsel Campbell's representation in connection with Ruston v. Warden, supra. Petitioner relieved counsel of his duties in connection with Ruston v. Warden, supra. And motioned the trial court to permit Petitioner to proceed pro se in connection with Ruston v. Warden supra.

21. On August 13, 2008, Petitioner motion to proceed pro se was granted as well as counsel motion to withdraw.

22. On November 5, 2008 Petitioner filed in the United States District Court District

on connection to Application for writ
of Habeas Corpus Petition pursuant to the
U.S.C. § 2254 And A Motion to Proceed
without Prepayment of fees in connection
with the November __, 200?, Habeas Corpus
Application filing Alston v. McG__ et Al.
3:0?cv0165?(___)

23. In May 19, 2008 Opinion of the court
in connection with Alston v. McGill, supra the
Respondents was to Show cause why Relief
Should not be granted on or before June 20,
2008.

24. On May 20, 2008 Supervisory Assistant
States Attorney Michael E. S___re from
the DNA litigation Bureau of the office
of the chief States Attorney in the State
of Connecticut Appeared for Respondents in
Connection with Alston v. McGill, supra.

25. On June 18, 2008 Respondents in Alston v
McG___ ~~___ ___~~ filed A Motion for Extension of
Time to Comply with Show cause order until
September 12, 2008.

9.

The said order of the court, the motion for Appointment of Counsel was granted.

27. On July 1, 2008, Petitioner Filed A motion For Appointment of Counsel in connection with Alston v. major. Buffin. By order of the Court Petitioner Motion For Appointment of Counsel was granted & Harry J Roberts / Sullivan jr WAS Appointed to Represent the Petitioner in Connection with Alston v. major. buffin

28. On September 10, 2008 The Respondents Filed their motion to Dismiss The Petitioner's Petition for writ of habeas corpus

29. The Petitioner Following the Advise of Appointed Counsel Harry Sullivan Permit Sullivan to withdraw Petitioner's Application for writ OF habeas corpus in Connection with Alston v. Warden Jeffrey m'gill — etc, And Permitted counsel Sullivan to Refresh him in Connection With The Still Pending State habeas Corpus ~~petition the docket which and ~~

30. On march 5, 2009, Petitioner withdraw The

10.

33. ... until after Petitioner filed a grievance with the Statewide Bar Counsel for the State of Connecticut and a motion seeking to withdraw attorney Sullivan's representation for lack of communication filed with the TFR that in connection with Ristau v Wrenn, Sullivan on October 28, 2009, was the first time Petitioner spoke to Atty Sullivan Post-Sullivan's filing of his Appearance in connection with Ristau v Wrenn. Supra

[...illegible...] The Petitioner [...] Sullivan Regarding Petitioner's grievance and Motion to withdraw court appointed counsel. Petitioner thought the conversation [...] [...] would [...] balance [...] with attorney Sullivan. Petitioner later sought to withdraw his grievance filed against attorney Sullivan and to withdraw his motion to withdraw court appointed counsel.

35. The grievance was ruled in favor of attorney Sullivan and Petitioner motion to withdraw the motion to withdraw court-appointed counsel was granted.

36. March 2, 2010, is the 1st time Kitty Sullivan and the Petitioner spoke regarding the status of Alston v. Winkden, Smith.

37. Despite numerous communications sent to Kitty Sullivan's office Back to Kitty Sullivan is refusing to confer with the Petitioner regarding the [...] Alston v. Winkden, [...]

38. On September 1, 2010, The Petitioner filed

[illegible handwritten text] in connection with Ristow v. Wirden, supra.

38. [illegible] Petitioner [illegible] remember [illegible] a State Conference hearing [illegible] scheduled in connection with Ristow v. Wirden, supra, management [illegible] to be made [illegible] Petitioner's [illegible] the State Conference hearing scheduled for October 15, 2010, and at that time, Petitioner requested for Court Intervention Re: Attorney Client Relationship [illegible] be discussed.

40. No arrangements were made for Petitioner's attendance at the October 15, 2010, status Conference hearing in connection with Ristow v. Wirden, supra.

41. Attorney Sullivan continue to refuse to confer with the Petitioner regarding the status of Ristow v. Wirden, supra.

42. At no time since August 3, 2009, have there been any trial date scheduled in

13

connection with _____ v. _____ _____.

43. In the matter _____ history _____ _____ 4000303 the _____ _____ and _____ to exhaust the _____ necessary _____ _____ Resolution of the _____ matter _____ _____ _____ Preloy 40 F.3d 120 _____ 605-06 (_____ _____) citing (_____ v. _____ 959 F.2d 336, _____ (5th Cir. 1992); _____ v. Champion, _____ _____ 38 1556 (10th Cir. ____).

44. The Petitioner _____ ill in state custody pursuant to the _____ _4, 200_, Judgment of conviction.

45. The Petitioner claim his conviction _____ the united states Constitution Based on the following Grounds:

Ground One

46. Allegations one through Fourty Five AR _____ _____ and made _____ _____ _____ _____ Fourty Five of Ground One

46. The Petitioner claims that the State trial

14.

[illegible] because the long form information filed with the trial court on March 2, 2000, failed to allege essential elements as to the offense charged and/or is too vague or overly broad amounting to a fundamental legal defect and/or constitutional legal error in the charging instrument.

15. On March 2, 2000, in court, during [illegible] the purpose of the petitioner probable cause hearing the prosecutorial authority, John [illegible] Waddock filed a substitute long form information with the trial court accusing the petitioner of one (1) count of murder in violation of Gen. Stat. § 53a-54a. The substitute long-form information failed to:

(A) include the name of the deceased person
(B) include all elements i.e. use of the handgun charged; and
(C) State explicitly the elements to the offense charged i.e. the name of the deceased person.

See Hemming v. United States 518 U.S. 8? at

117, 94 S. Ct 2887 at 2909, 41 L. Ed 2d ___
(1974)(quoting _____ _____ _____ 1100, ___
___ ___ ___ ___ ___ ___ ___ (3803), and
United States v. Foley 73 F.3d 984 at 988
(2d Cir 96)

___. Petitioner claims that even after the issuance
of the release of the information filed on ___ ___
1 2005, it failed to adequately notify the
petitioner of the nature of the offense
charged, or failed to allege a properly
cognizable offense, thereby prohibiting
petitioner from properly defending and presenting
his defenses and relevant issues to be
explored at the probable cause hearing.

___. Petitioner claims that these defects
voided the trial court of subject matter
jurisdiction at the probable cause hearing
and that the court's finding of probable cause
pursuant to that information was improper.

___. Petitioner claims that he did not waive
his defense to the trial court ~~that matter~~
~~jurisdiction~~ within the ~~time~~ ~~limit~~ prior to
the entry of his plea to the charge in the

information filed herein ____ ___ A Copy
for him ___ ____ _____ _____ a Connecticut
book g ____ no prior __ __ ____ the hearing to
Probable cause, That he did not file A Motion
to dismiss the Charge in the information
for Burglary in Connecticut _____ 8(D) and ___.
41-4 thru 41-5.

51. Petitioner Admits _____ he did not ~~Rise~~ RAISE ____
Claim on Direct Appeal.

52. Petitioner claim that he did not deliberately
by-PASS raising this claim on direct Appeal.

53. Petitioner claim that his failure TO RAISE
this Claim within the State trial court or
State Supreme Court was The Result of
ineffective Assistance of the trial, trial
And / or Appellate counsel.

54. Any Claim that ~~the~~ the Petitioner Procedurally
defaulted in Raising this issue should be
excused. Petitioner Allegations is of An ____
~~which is jurisdictional And constitutional~~
~~is of A Fundamental defect which~~
inherently results In A Complete miscarriage

OF, justice And Involve An Act or omission
Inconsistent with the Rudimentary demands
OF fair Procedure.

See Hill v. United States 368 U.S. _____ ____
428, 82 S. Ct. 468 At 911 L. Ed. 2d 911
(1962); Mooney v. holohan 294 U.S. 103 At 113
And Murray v. Carrier 477 U.S. 478(1986).

55 Petitioner Claims that he have Raised
This Claim in A State habeas corpus
Petition Alston v. Warden cv05-4000302 And
have And Continue To experience An
Un-necessary delay In Resolution of this
Claim in State Court

56. Petitioner Seek Request that this court
Remove this Claim From the State court
Jurisdiction And Permit Petitioner To
Proceed In this district court with This
Claim.

57. Petitioner Claims that this his Rights
Under the 6th And 14 Amdts to the U.S
Const. Were Violated As A Result.

58. But for said error of Prosecutorial Authority And /or the trial Court (for failure to take judicial notice of the Constitutional defect In the Information) The Petitioner would not have been prejudiced By an illegal Confinement And The results of his Conviction would have been different.

Ground two

1. Allegations one through fourtyfive Are Re-Alleged And made Allegations one Through fourtyfive of Ground Two.

46. Petitioner Claims that the trial Court Lacked Subject matter jurisdiction because the Substitute Long form Information Filed with the trial Court on MAY 31, 2002, For the Purposes of Petitioner trial FAiled to Allege essential elements To both Offenses Charged And /or were too vague And /or overly broad Amounting to a fundamental Legal defect And /or Constitutional legal defect In the amended State substitute Information filed on MAY 31, 2002.

19.

47. On May 31, 2002, The Prosecutorial Authority, John M. Bailey, filed an Amended Substitute Information with the State trial Court that Substantially mirror that one filed on March 9, 2001, In Respects, To The First Count charged In the Information i.e. murder. In the May 31, 2002, Information The Petitioner was accused of carrying A Pistol without a permit In violation of Gen. Stat. § 29-35 a

48. With Respects to the First count murder Petitioner Re-Alleges by Reference each And every Allegation Raised In Ground one of this Petition.

49. With Respect to the offense accusing the Petitioner of carrying A Pistol without A Permit the Information Failed To:

(A) Identify with sufficient Particularity the Pistol in which Petitioner was accused of carrying without A Permit to carry the same, thus, failing to Allege implicit Elements explicitly.

See Hamling v. United States 518 U.S. 87

20

at 117, 941 A    at  6935 A4 2909 (11 L. Ed. 2d
5/1A 1944)(Quoting United States v. CArll, 209
U.S. 6ll At 612. 28 L. Ed. 1135(1851)); And
United States v. Foley 73 F.3d 484 At
488 (2d Cir 1996).

50) Petitioner Claims that even After A
Common Sense Reading of the Amended
information filed on May 21, 2002, with
the trial Court, it failed to notify the
Petitioner on the nature of the offenses
chARged And /or failed to change A legally
Cognizable Offense thereby Prohibiting
the Petitioner from properly Planning And /or
PrePAring his defense And relevant
defenses to be ARGued At trial.

51. Petitioner Claim that these defects
Voided the trial Court of Subject MAtter
jurisdiction At trial and The Jury finding
Of guilty Pursuant to that Information was
Improper.

52. Petitioner Admit that he did not make
this claim to the state trial Court subject

21.

matter clurisdiction prior to his Pro forma
pro during trial, that he didn't file a
Request for a bill of Particulars Pursuant
to Conn. PRAC book § 41-20, that he did
not file a motion to dismiss the offense
in the Amended Information Prior to or during
trial Pursuant to Conn. PRAC. book § 41-8(1)(2)
And (4); And Conn. PrAC. book §§ 41-11, 41-5.

53 Petitioner Admit that he did not Raise
this Claim on direct appeal

54. Petitioner claim that he did not
deliberately by-Pass Raising this Claim on
direct Appeal.

55. Petitioner Claim that his Failure To
Raise this Claim within the State trial
Court or Supreme Court was the Result
of ineffective Assistance of Pre-trial,
Trial And/or Appellate counsel.

56. Any Claim that the Petitioner Procedurally
defaulted in Raising this issue should be
excused. Petitions allegations is of Any
error which is Jurisdictional And

22.

Constitutional Title of a fundamental defect which Inherently results In a complete miscarriage of justice And Involve An Act or Omission Inconsistent with the Rudimentary demands of fair Procedure.

See Hill v. United States 368 U.S. 424 At 428, 82 S. Ct. 468 At 741 L. Ed 2d 1418 (1962); And Murray v. Carrier 477 U.S. 1478 (1986)

57. Petitioner Claim that he have Raised this Claim in a State habeas Corpus Petition Allston v. Warden CV05-4000303 And have And Continue to experience An Un-necessary delay In Resolution of this Claim In the State court.

58. Petitioner ~~Request~~ Seek That this court Remove this Claim from The State court jurisdiction And Permit Petitioner To Proceed In this district court with his federal Claim.

59. Petitioner Claims That his Rights

Under the 6th And 14 Amdels in the U.S.
Const were violated As A Result.

60 But for Said error of Prosecutorial
Authority And / or the Trial Court (For
Failure to take Judicial notice of the
Constitutional defect In the Information)
The Petitioner would not have been
prejudiced by An illegal Confinement And
the Results of his Conviction would have
been different.

## Ground Three

i. Allegations one through fourtyfive Are
Re-Alleged And made Allegations one
through fourtyfive of Ground Three.

46. Petitioner Claims that the State Trial
Court lacked Personal Jurisdiction over The
Petitioner Person because:

(A) Prior to And during Petitioner Probable
Cause hearing, The Prosecutorial Authority
solicited, induced and / or knowingly
Presented false testimonial evidence from

24.

State's witness Bobby Bloodworth III or failed to correct such false testimonial evidence of Bobby Bloodworth III when the PROSECUTORIAL Authority knew or reasonably should have known such testimonial evidence was false.

(B) During the Probable cause hearing the PROSECUTORIAL Authority Intentionally Omitted from his direct examination of State's witness, Shanna Early, relevant Questions designed to Reveal the Observations, made by this witness In her Previous Statement to the Police, Regarding The victim's Clothing. The Identification Of the victim clothing Played A Critical Role in the trial Court determination of Probable cause.

See mooney v. holohan, 294 U.S. 103 At 112, Pyle v. Kanas, 317 U.S. 213 At 215, 216, napue v. illinois 360 U.S. 264 at 269, Alcorta v. Texas, 355 U.S. 28; And Wilde v. wyoming 362 U.S. 607

47. Petitioner claims that the trial court

Finding of Probable cause is invalid because Both Findings Rest on knowingly made False testimony And The Omission of material FACTS.

48. Petitioner claims that excluding the False testimonial evidence Adduced by the State From Bobby Bloodworth III And Including The omitted material facts there were Insufficient evidence Adduced At the Probable cause hearing on each element of the Offense Charged or Any offense that MAy be Included In the one Charged for A Constitutionally valid Probable cause Finding To continue The Prosecution of the Petitioner for the Crime Charged or for Any lesser crimes That MAy be Included In The one charged.

See Brinegar v. United States 388 U.S. 160 At 175-76, 69 S. Ct. 1302, 93 L. Ed 2d 1879 (1949); And Arenella, reforming the Federal grand jury And the State Preliminary hearing to Prevent Conviction without adjudication.

26.

49. Petitioner admitted that he did not raise this claim prior to or entry of plea, that he did not file a motion to dismiss pursuant to Conn. PRAC Book § 41-8(1) and (4), that he did not object to the Prosecutorial Authority acts or omissions prior to or during the Probable cause hearing.

50. Petitioner admit that he did not raise this issue on direct appeal

51. Petitioner claim that he did not deliberately by-pass raising this claim on direct appeal.

52. Petitioner claim that his failure to raise this claim within the State trial court or Supreme court was the results of ineffective assistance of Pre-trial trial and/or appeal counsel.

53. Any claim that the petitioner procedurally defaulted in raising this ~~~~~ should be ~~excused~~. Petitioner alleggations is of an error which is jurisdictional

27.

And Constitutional that is of A fundamental defect which inherently resulted in a complete miscarriage of justice And involve An Act And/or omission Inconsistent with the rudimentary demands of fair procedure.

See Hill v. United States 868 U.S. 424 At 428, 82 S. Ct. 468 at 741 7 L. Ed 2d. 417 (1962), mooney v. holohan 294 U.S. 103 At 112; And murray v. carrier 477 U.S. 478 (1986)

54. Petitioner claim that he have raised this claim In A state habeas corpus petition Allston v. warden cv05-4000303 And have And continue to experience An on-necessary delay In Resolution of this claim In the state court.

55. Petitioner ~~request~~ Seek that this court Remove this claim from the state court jurisdiction And permit Petitioner To proceed In this ~~district~~ court with this federal ~~~~

56. Petitioner claim that his Rights Under the 14 Amendmin the U.S. Const WAS Violated As a Result.

57. But for Said Acts And/or omissions by the PROSECUTORIAL Authority, Petitioner would not have been prejudiced by An illegal Confinement. And the results of his Conviction would have been different.

## Ground Four

1. Allegations one through Fourtyfive Are Re-Alleged And made Allegations one through fourtyfive of Ground Four

46. The Petitioner claim that the State Trial Court lacked Personal Jurisdiction over the Petitioner Person because.:

(A) The PROSECUTORIAL Authority, notwithstanding ground three, Adduced evidence At the Petitioner PRObABle Cause hearing that ~~was In Sufficient For A valid determination of PRObABle Cause because~~ the evidence Adduced PResented either A Absolute

29.

Impossibility. A Relative Impossibility or Physical or Impracticability.

47. Petitioner claims that, because of the evidentiary error, the evidence adduced at the Probable Cause hearing was insufficient for a valid determination of Probable Cause to continue the prosecution for the charged offense and / or any other lesser offense that may be included in the one charged.

48. Petitioner claim that the judicial authority was obligated to remove this case from being presented to a jury, under the Physical Fact Rule, when the prosecutorial authority at the Probable Cause hearing adduced evidence that amounted to a Absolute, Relative or Practical Impossibility.

49. Petitioner Admit that he did not motion the trial court to dismiss the charged offense ~~in the~~ information prior ~~for this~~ entry of a ~~plea pursuant to connecticut book §41-8(1)~~ and (4), that he did not motion the trial court

30.

Prior to or during trial to dismiss the charged offenses in the information pursuant to Conn Prac Book § 41-8(1) And (M)

50. Petitioner Claim that the trial Court Finding of Probable Cause To Continue The Prosecution As to the Offense Charged In the information And /or Any other lesser Included Offense that may be Included in the one Charged is Invalid because such finding Rest on evidence That Amount to A Absolute, Relative or Practical Impossibility.

51. Petitioner Admit that he did not Raise this issue on direct Appeal.

52. Petitioner Claim that he did not deliberately by-Pass Raising this Claim on direct Appeal

53. Petitioner Claim That his failure To Raise this Claim within the State trial Court or ~~Supreme~~ Court ~~was~~ the ~~Result~~ of ~~the effective Assistance of Pre-trial, trial~~ And / or Appellate Counsel.

31.

54. Any claim that the Petitioner Procedurally defaulted in Raising this issue should be excused. Petitioner Allegations is of An error which is jurisdictional And constitutional. It is of A fundamental defect which Inherently Results in A complete miscarriage of justice And involve An Act or omission inconsistent with the Rudimentary demands of fair Procedure.

See Hill v. United states 368 U.S. 424 at 428, 82 S. Ct. 468 at 741 7 L. Ed. 2d 417 (1962); And Murray v Carrier 477 U.S. 478 (1986).

55. Petitioner claim that he have Raised this claim In A state habeas corpus Petition Histon v Warden cv05 4000803 And have And continue to experience An un-necessary delay In Resolution of this claim In the state court.

56. Petitioner seek to have this court Remove this claim from the state court jurisdiction And Permit Petitioner to Proceed In this district-court with his Federal claim.

57 Petitioner claim his Rights under the 14th Amdt. to the U.S Const was violates as a Result.

58. But for said acts or omissions of the Prosecutorial Authority And /or Judicial Authority The Petitioner would not have been Prejudiced by An illegal confinement And the Results of his conviction would have been different.

## Ground Five

Allegations one through Fourty Five Are re-Alleged And made Allegations one through Fourty five of Ground Five.

46. Petitioner claim that the Prosecutorial Authority Suppressed And / or Refused To Turn over Requested exculpatory evidence Favorable to the defense Prior to or during Petitioner Probable Cause hearing And Trial.

47. Petitioner claim the Prosecutorial Authority suppressed And / or Refused To turn

over Requested Police handwritten Rough
draft Investigatory notes Concerning Pre
Interviews of State witnesses:

(A) Shanna Early
(B) Bobby Bloodworth III
(C) Tyron Figgs
(D) Angel hendrix A.K.A. Angel Rich
(E) Reports Revealing ms. ? drug Addiction
(F) Reports Revealing tyron figgs drug Addiction

See Brady v maryland 373 U.S 83, 83 S Ct.
1194 10 L. Ed 2d 215(1963); And united
States v. Bagley 473 U.S. 667

48. Petitioner claim the Suppressed
materials Reveal that the Prosecutorial
Authority knew And /or Reasonably should
have known that it's witnesses were
testifying falsely with the malicious Intent
to deceive the State trial court And /or
jury during the Petitioner probable cause
hearing And /or trial. The Prosecutorial
Authority faile intentionally to correct
The false testimonies.

34.

49. Petitioner Claim that the Prosecutorial Authority solicited and Induced Knowingly made False testimony from State witnesses Bobby Bloodworth, Detective John velleca, Angel hendrix A.K.A. Angel Rich And Tyron Figgs during The Petitioner Jury trial.

See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194 10 L. Ed 2d 215 (1963); United States v. Bagley, 473 U.S. 667, Napue v. illinois 360 U.S. 264; Pyle v. Kansas, 317 U.S. 213; And Mooney v. holohan, 294 U.S. 103

50. Petitioner Admit that he did not File a Motion to dismiss or For A mistrial In Respects to the Prosecutorial Authority Failure to Comply with Prior discovery requests Or A Motion For Sanctions Against the Prosecutorial Authority For its non-Compliance, That he did not object during trial when it became Known That The Prosecutorial Authority solicited induced or Knowingly presented False testimonial evidence.

35

5. Petitioner claim that he did not raise this issue on direct appeal.

52. Petitioner claim that he did not deliberate, by-pass raising this claim or direct appeal.

53. Petitioner claim that his failure to raise this claim within the State trial court or supremen court was the results of ineffective assistance of pre trial, trial and /or appellate counsel

54. Any claim that the Petitioner procedurally defaulted in raising this issue should be excused. Petitioner allegations is of an error which is jurisdictional and constitutional. It is of a fundamental defect which inherantly results in a complete miscarriage of justice and involve an act or omission inconsistent with the rudimentary demands of fair procedure.

See Hill v. United States 368 U.S. 424 At 428, 82 S.Ct 468 At 741 7 L Ed 2d

36

417 (1962); murray v holohan, 294 U.S. 103
At 112; And murray v miner, 477 U.S. 478
(1986).

55. Petitioner claim that he have Raised
this claim In A State habeas corpus Petition
Alston v. warden CV05 4006303 And have
And continue to experience an un-necessary
delay In Resolution of this claim In the
State court

56. Petitioner seek to have this court
Remove this claim from the State court
jurisdiction And Permit Petitioner To
Proceed In this district court with his
Federal claim.

57. Petitioner claim that his Rights under
the 14 Amdt. to the U.S. Const was
Violated As A Result.

58. But For Said Actions or omissions by
the Prosecutorial Authority, Petitioner
~~would not have been prejudiced by An~~
illegal confinement And The Results of
his conviction would have been different.

37

Second Count

¹ Allegations one through twenty-five are re-alleged and made Allegations one through fourty-five of Ground Six

The Petitioner claim that he is suffering from the overious of an illegal conviction because the Prosecutorial authority improperly influenced the jury's decision to convict the Petitioner by:

(A) During the direct examination or all the State Witnesses the Prosecutorial authority Repeatedly Prefaced his questions with the Phrase "In FACT" over 80 times during the course of the evidence portion of the trial itself. And even over defense objection, the Prosecutorial Authority continued to Preface it's questions with the Phrase In FACT which had the net effect of assuming FACTS proving invading the Province of the Jury.

~~(B) During~~ the Prosecutorial ~~Authority~~ closing ~~Arguments to the Jury the used~~ the Phrase "In FACT" over 40 different times which had

38.

the net effect of AB[illegible] facts [illegible] Invading the Province of the jury.

(C) During the Prosecutorial Authority Closing Remarks he used The word "We" Repeatedly which had the net effect of Properly forming An Alliance with the Jury which is improper. See United States v. Dickens 795 F.2d 112 at 12LC[illegible] [illegible] 1972[illegible].

(d) During the Prosecutorial Authority Closing Remarks he Repeatedly injected his Personal beliefs About the evidence, called the Petitioner a bad Person, Repeatedly called the Petitioner A liar (Stating to the Jury do not let the Petitioner Con [illegible]you trial transcript July 1, 2002 pg. 55 line 25-26), vouched for the credibility of the State's witness(es), mischaracterized the Petitioner trial testimony and told the Jury to convict the Petitioner because he was A drug dealer all of which Prejudice the Jury Against the Petitioner and had The net effect of Influencing the Jury's Verdict.

[illegible] Petitioner Admit that he did not object

in the Prosecutor Remarks or questions or filed a motion for mistrial or request various determinations as to the Prosecutorial Authority use of leading questions And/or Prefacing questions with in fact during the trial?

48. Petitioner Admit that he did not object to or file A motion for mistrial in respect to the Prosecutorial Authority Closing Remarks.

49 Petitioner Admit that he did not Raise this issue on direct appeal

50. Petitioner Claim That he did not deliberately by-pass Raising This issue on direct Appeal.

51. Petitioner Claim that his Failure To Raise this Claim within the State trial Court or Supreme Court was The Results of ineffective Assistance of Pre-trial, trial And for Appellate Counsel

52. Any Claim that the Petitioner Procedurally ~~Defaulted in Raising this issue~~ he is be excused. Petitioner Allegations is of An error

40.

Which is Jurisdictional And Constitutional. It
is If A Fundamental defect which properly
Results in A complete miscarriage of justice
And involve An Act or omission Inconsistent
with the Rudimentary demands of fair
Procedure

See Hill v. United States 368 U.S. 424
428, 82 S. Ct. 168 At 741 7 L. Ed. 2d
417 (1962); And murray v carrier, 477 U.S.
478 (1986)

53. Petitioner claim that he have raised this
Claim In A State habeas corpus Petition
Histon v. warden CV05-4000803 And have
And continue to experience An Un-necessary
delay In Resolution of this claim in the
State court.

54. Petitioner Seek to have this court Remove
this claim from the State court Jurisdiction
And Permit Petitioner To Proceed in this
district court with his federal claim.

55. Petitioner claim that his Rights under
the 14 Amdt to the U.S. Const. was

41.

Violated As A' Result

56 But for said Actions of the Prosecutorial
Authority, The Petitioner, would not have been
PRejudiced by An illegal confinement And
The Results of his Conviction would have
been different.

## GRound Seven

1. Allegations One through Fourty-Five Are Re-Alleged
And Made Allegations one through fourty-five
of GRound Seven.

46. Petitioner claim that he is Suffering from
the onerous of An illegal Conviction because the
trial court erred And Made it difficult, if not,
Impossible for the Petitioner to get A Fair
trial by:

(1) Without request from either Party during
trial gave limited instruction concerning the
Use of State's witness Officer M. MArquez,
~~trial~~ ~~Standord~~ ~~trans~~ Transcript June 25,
Pg 35 line ~~a~~ ~~23~~

(3) _____ Petitioner cross examination of State
witness detective John _____ p. third trial _____
_____ Code §? (§? _____ 3.7) wherein the
following colloquy took _____ between defense
counsel Richard I. Silverstein And State witness
detective John Velleca _____.

Attorney Silverstein: Did you ask mr.
Bloodworth if _____ any time that evening he
was armed?

Detective Velleca: Yes

Q. And what did he do?

A. He said he was not _____

Q. And you accepted _____?

A. Yes

Q. you gave mr. Bloodworth full faith and
credit in regards to _____ statement he gave to
you, Right?

State's Attorney Waddock: Objection

Detective Velleca: Yes

Waddock: That's fine. I withdraw.

Attorney Silverstein: But you had no reason to
accept him, Right?

Detective Velleca: _____ that time, no.

Q. What _____ you _____ he [Blood _____
said in this courtroom under oath that he
engaged in drug tracking out with mr. Alston?

43

The court: Dont answer the question.

Trial Transcript June 8th 2002 pg. 168 line 18 - pg 169 line 1-7.

See Delaware v Van Arsdall 475 U.S. 673 at 678 106 S.Ct 1431 89 L.Ed. 2d 674 (1986); Davis v. Alaska, 415 U.S. 308 At 316 94 S.Ct 1105 89 L.Ed 2d 347(1974); United States v Vasilios, 598 F.2d 387, 389 (5th cir 1979), cert denied, 444 U.S. 932, 100 S.Ct 456, 62 L.Ed 2d 850(1979) Reh. denied, 444 U.S. 1049, 100 S.Ct 742, 62 L.Ed 2d 737 And cert denied Sub nom. Alexander v United States 444 U.S. 932, 100 S.Ct 277, 62 L.Ed 2d 190(1979)

(c) Giving improper witness credibility instructions. Trial Trans July 1, 2002 Pg 75 line 9-12

(D) Giving improper intent instructions stating that evidence of motive, flight And /or false statements, if found, can be used to infer ~~intent. Trial Trans July 1, 2002 pg 88 line 21-~~

44

(e) giving instructions that improperly described the crime to a constable or the lesser included offense of manslaughter in the first-degree with a firearm by the definition on the elements of "firearm" And "use" TRIAL TRANS. JULY 1 2002 pg 94 LINE were 1-2 (Firearm) pg 96 line 13-16 (Use)

(f) giving 2 different And confusing definition of Reasonable doubt Thereby confusing the jury re To the proper standard to Apply TRIAL TRANS July 1 2002 pg 97-98 line 1-2.

See in Re winship 397 U.S. 358 (1970); Gaines v. Kelly August term, 1998 U.S. 2nd cir Court of Appeals doc. no. 96-2761 Argues May 21, 1999 decided: February 1, 2000.

(g) giving instructions which Amounted to A directed guilty verdict when on two separate occasions The trial court stated to the jury in its instructions That:

It is not necessary that the State ~~that the defendant intended to cause~~ the death of the specific person whom he did

45

In fact, Bill. Trial Trans, (June 1 200?, pg. 93
line 5 - thru pg. 95, line 20, & pg. 102, line 2.)

Thereby directing a guilty verdict. And /or
Substantially influencing a guilty finding
or taking the determination of "who
actually committed the offense" Away from
the jury during deliberation, interfering
with the Petitioner Right to have the jury
Reach a verdict of guilty on every element
of the offense charged beyond a reasonable
doubt.

See In Re Winship 397 U.S. 358 (1970);
Mullaney v. Wilbur 421 U.S. 684 (1975);
Patterson v. New York 432 U.S. 197 (1977),
Jackson v. Virginia 443 U.S. 307 (1979); Sparf
v. United States 156 U.S. 51 At 105 - 106
(1895), United States v. Martin Linen Supply
Co., 430 U.S. 564 At 572 - 573 (1977); And
Carpenters v. United States 330 U.S. 395
At 410 (1947)

(H) When The Trial court Agreed to Conspire with
the state Prosecutorial in trying to intentionally
deprive the Petitioner of his 14th Amdt.

46.

Constitutional Right to A Fair Trial before
An impartial tribunal Trial Transcript June 11, 2002
(1) 88 - 109 And July 1, 2002 pg. 93 line 5-11 And
P3 - 95 line 23 pg. 96 line 1-5.

        See United States v Lanier, 520 U.S. 259
39 L Ed 2d 432, 117 S. Ct. 1219 (997)

(i) When the Trial court without Request from
either party or giving the defendant permit
gave An instruction of A lesser included
offense of Manslaughter in the first degree
with A Firearm Trial Trans July 1, 2002 pg 94

47. Petitioner Admit that he did not object to
the Trial Court instructions or file A Request
to Charge Pursuant to Conn. Prac. Book §§ 41-4
42-16, 42-17, 42-18 And 42-19

48. Petitioner Admit that he did not Raise
This issue on Appeal.

49. Petitioner Claim he did not deliberately
~~By-Pass~~ Raising This issue on ~~Direct~~ Appeal

50. Petitioner Claim That his Failure To Raise

                49.

This Claim upon the trial court or Supreme
Court and the Cause of ineffective
Assistance of the trial, trial or Appellate
Counsel

51. Any Claim Petitioner (Montgourney)
effort in Raising This issue Should be
excused. Petitioner Allegation is of An error
which is jurisdictional And constitutional.
It is of A fundamental nature which
inherently results in A complete
Miscarriage of Justice And involve An Act
or Omission inconsistent with the
Rudimentary demands of Fair Procedure

        See Hill v. United States 368 U.S
424 At 428(1962); And Murray v. Carrier
477 U.S. 478(1986)

52. Petitioner Claim that he have Raised This
Claim in A State habeas Corius Petition Alston
V. Warden cv05-4000303 And have And
Continue to experience An un-necessary
delay in Resolution of the Claim in the
State Court

53. Petitioner seek to have this court remove this claim from the State court jurisdiction and permit petitioner to proceed in this district court with his Federal claim.

54. Petitioner claim that his rights under the 6th and 14th Amdts. to the U.S. Constitution violated as a result.

55. But for said actions of the State trial court Petitioner would not have been prejudiced by an illegal confinement and the results of his conviction would have been different.

<u>Ground Eight</u>

1. Allegations one through forty-five are re-alleged and made allegations one through forty-five of ground eight.

46 Petitioner claim that he is suffering from the onerous of an illegal conviction because pre-trial counsel Fred V. Carty rendered ineffective assistance by:

(A) Failing to raise claim set forth in

49

- Around one three, four and five.

(8) Failed in the standard to Murray motions And/or if he did file such motions Failed to Adequately pursue said motions and failed to Argue or sufficiently challenge the weight of the State's case in the interest of justice And failed to communicate Adequately to Petitioner about Plea bargain discussions with the Prosecutor

76. Petitioner claim he did not inexcusably default or failed to exhaust his state court remedies regarding this claim

77. Petitioner claim that he have raised this claim in a State Habeas corpus petition Alston V. Warden cV05-4000305 And have and continue to experience an un-necessary delay in resolution of the claim in the state court

78. Petitioner claim to have this court remove this claim from the State court-jurisdiction and permit him to proceed in this district court with his Federal claim

50

50. Petitioner claim that his Rights under The
6 [?]th and 14th Amendment to the U.S. Constitution were
Violated his 4 Amendment

51. But for said Actions And/or omissions of
the Petitioner Pre-trial counsel Paul V. Carty
Petitioner would not have been prejudiced
by An illegal confinement And The Results
of The Proceedings would have been different.

Ground nine

1. Allegations one through Fourty five Are
Re-Alleged And mate Allegation's one
Through Fourty five of ground nine.

50. Petitioner claim that he is suffering from
the onerous of An illegal conviction because
his Trial counsel Richard P. Silverstein
Rendered ineffective Assistance in one or
more of the following ways:

(A) Failed to Report his crack cocaine Addiction
And/or Conviction to the Petitioner Prior to or
during trial.

(B) Failed to Raise issues set forth in grounds

51

one, two, three, four, five, six and seven.

(c) failed to investigate or adequately communicate with the Petitioner regarding the nature of the offenses

(d) failed to object or bring it to the trial court attention when exculpatory material were not turned over to the defense or failed to communicate to the Petitioner the content of defense witness upon making statements

(e) failed to fail file pretrial motions or if he did file such motions failed to adequately argue and/or challenge the weight and sufficiency of the State's case in the interest of justice and/or failed to communicate adequately to the Petitioner about plea bargain discussions with the Prosecutor

(f) failed to investigate the facts surrounding the offenses and possible defenses to be raised.

(g) failed to retain an investigator to interview defense witness of prior or other statements made to the police or validate

52.

certain Police Reports

(a) Failed To obtain an independent evaluation of the forensic-ballistic evidence

(b) Failed To inadequately inform himself of the inadequate forensic method employed by the state's ballistic expert

(c) Failed To interview witnesses given To him by the petitioner who has pertinent facts that would Rebut or Affect the Allegations made by the state

(d) Failed to subpoena witness(es) known to him that were willing to testify on the petitioner behalf in Regard to their long time Acquaintance with the petitioner prior to and on the night in question And never seen petitioner with A handgun, but said witness have seen other people in the Area of 268-272 Sherman Avenue with A handgun.

(e) Failed to Impeach the trial testimony of state witness(es) Bobby Bloodworth, Byron Figgs, Shanna Early And Angel Rich with prior

53.

[illegible] conflicting statements made to
[illegible] police

(M) Failed to expose the State evidence to
meaningful adversarial testing at trial

(N) [illegible] impeached his client during closing
argument

(O) Failed to file motion to strike or limit
expert witness testimony

(P) Failed to raise issue that no reasonable
Officer no longer believe probable cause [illegible]

(Q) Failed to investigate sources for impeachment
of Prosecution witnesses

(R) Failed to file motions for Sanction when it
became apparent that the State did not fully
comply with disclosure requests made by
the defense

(S) Failed to Confer with his client and Advise
[illegible]

(T) Failed to Confer with And Advise His client

54.

of possibility of being convicted on false
[illegible]

[illegible] The State's [illegible] offer this evidence

(v) [illegible] to FACTS [illegible] To [illegible]

(x) failing to challenge the State's admission of
evidence of any death on PART of the
[illegible] of motive evidence

(x) failed to Request A continuance of the trial
date when PRior counsel Allen Griffins, became
ill and he went forward within 60 days when
he was ill prepared to do so.

(y) failed to file A Motion for mistrial because
of juror Misconduct as juror, Kelly
Robinson, who told the court clerk that she
knew the Victim's Sister, Leslie Johnson, whom
was Sitting in the Courtroom throughout the
Petitioner's entire trial on The State's Side of
the Room.

(2) [illegible struck-through text]
Review hearing the Identified [illegible] Petitioner

55

Requested which we agreed to Argue, which was the only basis for which the Petitioner continued to his Rehabilitation, before the Sentence Review Committee but Refuse to do so)

(46) conspired with the trial court and the State Attorney to deprive the Defendant of his constitutional Right to a Fair trial.

47. Petitioner claim he was not fail to exhaust his State court Remedies Regarding this claim

48. Petitioner claim that he have Raised this claim in A State Habeas corpus Petition Reston V Warden cV05-4000303 and have had continue to experience An un-necessary delay in Resolution of the claim in the State court

49. Petitioner seek to have this court Remove this claim from the State court jurisdiction And Permit Petitioner to Proceed in this district court with his Federal claim

50. Petitioner claim that his rights under the 6th and 14th amend to the US Const were violated as a result.

51. But for said actions and /or omissions of the Petitioner Trial counsel Richard P. Silverstein Petitioner would not have been prejudiced by an illegal confinement and the results of the Petitioner's conviction would have been different.

Ground ten

1. Allegations one through Fourty Five are Re-alleged and make Allegations one through fourty five of ground ten

2. Petitioner claim that he is suffering from the onerous of an illegal conviction because his Appellant counsel: Felix Esposito and / or Damon A.R. Kirschbaum Rendered Ineffective resistance in one or more or in all of the following ways:

(A) Failed to raise and or set forth in ground one through seven

(B) Failed to brief and /or raise issue on

57.

direct Appeal as to the insufficiency of the
evidence of intent, description and evidence
adduced at trial when said claim was properly
preserved as to both offenses in the information

(C) Failed to brief or raise issue on direct
Appeal pertaining to the evidence at trial and
trial counsel's objections.

(d) Failed to brief and/or raise issue on direct
Appeal as to the trial court's abuse of
discretion in admitting prejudicial
testimonial evidence.

(e) Failed to brief and/or raise issue on direct
Appeal that no reasonable officer continues to
believe probable cause exist.

(F) Failed to raise issue of judicial bias

(g) Conspired with trial counsel, the State's
Attorney and the trial court to deprive the
petitioner of his constitutional rights to a
fair appellate review.

42 Petitioner claim he did not fail to exhaust

and DATE Court Denied in remanding this claim

48 Petitioner claims that he can RAISE this claim
In A State of habeas corpus petition action
V. WARDEN ever 000303 he have not
continue to evidence A the necessary relay
in resolution of this claim , the State court

49 Petitioner claim that his rights under the
constitution to the ___ constitution
violated he to result

50. But for this acts And or omission which
clearly prejudiced the petitioner as he would
not have proper access to appellant counsel And
he had to rely upon the issue that counsel
Raised in the defendant-Appellant brief he was
prejudiced thereby And the result would have
been different had these issues petitioner
Raises been addressed.

Ground eleven

Allegations one through fourty five are re-
alleged And made allegations one through
fourty five of this ground eleven.

59

46. Petitioner claims that the cumulative effect of all of the above, he petitioner has of a fair trial and denial

47. Petitioner claim he was required to exhaust his state court remedies regarding this claim

48. Petitioner claim that he have raised this claim in a state habeas corpus petition Kelson V. Warden CV05-4000530 and have and continue to experience an unnecessary delay in resolution of this claim in the state court.

49. Petitioner seek to have this court to remove this claim from the state trial court and permit him to proceed in this district court with this federal claim

50. Petitioner claim that his rights under the 6th and 14th Amend to the U.S. Const were violated as a result.

51. But for the cumulative effect of ground one through ten the petitioner would not ~~have been prejudiced as the results of~~ the proceedings would have been different.

Wherefore, The Petitioner PRAYS:

1. That he be release Immediately from the Custody of the Commission for the State of Connecticut Department of Corrections

2. That he be granted a new trial, Appeal And / or Sentence Review hearing

3. Order Such other relief As Law And Justice So Requires

February 22, 2011                    The Petitioner
                                     Ira Alston
                                     IRA Alston 275066
                                     Northern C.I.
                                     287 Bilton RD
                                     Somers CT 06071


ORDER
The Above writ of habeas corpus Petition having been heard by This Court is hereby:
          Granted  ..  Denied


                        BY The Court
                        _____
                        Judge.